UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Martha A. Akers, <br><br> Plaintiff, <br><br> v. <br><br> Mooring Financial Corporation *et al.*, <br><br> Defendants. | Case: 1:16−cv−02511  (F-Deck) <br> Assigned To : Unassigned <br> Assign. Date : 12/23/2016 <br> Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia, resident has lodged a "Complaint for Reversal of Foreclosure," claiming wrongful foreclosure under District of Columbia law, tortious interference with a contract, unjust enrichment, breach of a fiduciary duty, and seemingly other tortious conduct. Except for the District of Columbia, which is not alleged to have engaged in wrongdoing, the named defendants are private entities and a D.C.-based attorney.

The complaint does not present a federal question because the private defendants are not state actors subject to liability under 42 U.S.C. § 1983 for any alleged due process violations. *See* Compl. 2, 3; *cf. Lyles v. Hughes*, 964 F. Supp. 2d 4, 7-8 (D.D.C. 2013) (dismissing constitutional claims against landlord and property managers where allegations failed to show that they were "agents of or acted jointly with the District of Columbia"). And since plaintiff and two of the defendants are citizens of the District of Columbia, *see* Compl. Caption, this action cannot proceed under the court's diversity jurisdiction. A separate order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: December 22, 2016